## THE STATE v. THE TOWN OF RICHMOND.

As to the acceptance of a highway by a town to render the town liable to repairs.

INDICTMENT against the town of Richmond for neglecting to repair a certain highway in that town. The act for laying out highways provides, " That whensoever the owner of any land shall make a *deed* thereof to the *town* wherein such land lies, for the *special purpose* of *being used* and *occupied as a public highway*, the said land shall be thenceforward a public highway, to all intents and purposes, and be *liable to be opened* by the *town* council of the *town* wherein the same shall be, in the *same way* and *manner* as *other highways are* laid out ; but no town shall be liable to repair such highway until the town council thereof shall *decree* and *order* the same to be repaired at the expense of such town."

The counsel for the defendant, Messrs. *Updike* and *Pearce*, requested the attention of the court particularly to the above words, underscored as words material. They objected *first*, to the sufficiency of the deed in question, made by Joseph T. Barbour ; and *secondly*, to the vote of the town council of Richmond, which was in the following words, and passed by the town council of the town on the 2d October, 1843 : " Voted, that the driftway of Joseph T. Barbour, from his factory in Richmond to the highway, be received and annexed to a district, and worked by the town of Richmond, as other highways are worked." The deed, bearing date 26th February, 1839, was to the " inhabitants, freemen and freeholders

of the town of Richmond," of a certain tract of land described therein, for the purpose of a public highway ; which was followed by the vote above mentioned. The substantial objection to the deed is noticed by the court, in their opinion.

By the Court. This is an indictment for neglecting to repair " a certain common and public highway in the town of Richmond, leading from a certain river, called Wood river, at a certain place called Barbersville, through a part of said town towards and to a certain road in said town, called the Kenyon road." It was preferred to the court of common pleas, and comes before this court on appeal from the sentence passed on the defendant at the November term, 1845, of said court. A verdict was taken in this court at their February term, 1846, in favor of the state, by consent ; and at the same term the defendant moved for a new trial, on the ground that the verdict was erroneous, and that improper evidence had passed to the jury at the trial. This course was taken at the suggestion of the Court, in order to enable them, more deliberately to examine the points raised in it. At the February term, 1847, the Court granted a new trial in said case ; whereupon the attorney-general, in pursuance of his agreement, entered a *nolle prosequi* to the indictment. Since these proceedings, it has been suggested to the Court, that some persons interested in the same, are anxious that the grounds of the decision should be published, in order to future action in the matter.

On the part of the state, it was contended, that a deed from Joseph T. Barber " to the inhabitants, freemen and freeholders of the town of Richmond," dated the 26th day of February, 1839, of a certain tract of land described therein, for the express purpose of a public highway, followed by the vote of the town council of Richmond passed on the 2d day

of October, 1843, in these words: " Voted, that the driftway of Joseph T. Barber, from his factory in Richmond to the highway, be received and annexed to a district, and worked by the town of Richmond, as other highways are worked," constituted the premises described in said deed, a public and common highway, and subjected the town of Richmond to an indictment for not keeping the same in repair.

On the part of the defendant, among other things, it was contended that Joseph T. Barber was not the owner of the land described in said deed, at the date thereof. The language of the counsel of the defendant is, "transcripts from the records, from one to five, herewith submitted, show that Joseph T. Barber, from his own showing, never had the fee of the whole real estate, out of which the road is carved."

This particular reference to the documentary evidence used and referred to in said case, induced the court to give it particular attention, and, upon examination of the same, they were unanimously of the opinion, that the point of the defendant was fully sustained. These documents do not affect any portion of the proposed highway lying west of " the rock in the line fence" referred to in the first location of the private passway of said Barber from his mill lot to the road. They do not show that Mr. Barber, at the date of his deed, had any interest in the land, west of said rock, excepting only the easement and right to pass over it. That being the fact, he could not execute a subsequent deed of the land to the town of Richmond, for a highway.

The Court were not unanimous in considering the above recited vote of the town council of Richmond, sufficiently explicit in its term, to subject that town to an indictment for not repairing as a highway the premises described in said Barber's deed to said town. No reference is made in said vote to said deed, nor is there any description of premises in

The State *v.* The Town of Richmond.

said vote, which conforms to the description of the premises conveyed by said deed. Instead of declaring the premises conveyed by said deed to be a highway, or of ordering these premises to be repaired as a highway, the vote accepts the driftway of Mr. Barber, from his factory in Richmond to the highway, and directs that to be worked as a highway.

Other points suggested by the defendant were not fully considered by the Court, such as the insufficiency of the description of the grantee in the deed, and the effect of the proceedings of the town of Richmond, declining to accept the deed. In the light in which the first point appeared to the Court, it seemed unnecessary to proceed any further in the consideration of other points.